UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISBER CASTRO and MARIO CASTRO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GREEN TREE SERVICING LLC, and ) <br> KEVIN SMITH, ) <br> ) <br> Defendant. ) | No. 10-cv-7211(ER)(PED) |

**PLAINTIFFS' RESPONSE TO DEFENDANT"S LOCAL RULE 56.1 STATEMENT**

    1. Green Tree acted as servicing agent for a second mortgage obtained by the plaintiffs. (Ex. K, pp. 8, 11).

    **Response:** Denied.  Defendant was a debt collector as they began collecting after the loan went into default. **(See  30b(6) deposition of Green Tree, page 236, attached as Exhibit M to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment)**

    2.  Plaintiffs owe a debt relative to the mortgage serviced by Green Tree. (Ex. K, p. 8).

    **Response:** Admit that Plaintiff owed a debt that Green Tree was collecting.

    3. Plaintiffs were behind in their mortgage payments for their second mortgage. (Ex. K, p.13).

**Response:** Admit.

4. Mario Castro had numerous telephonic conversations with Green Tree debt collector Kevin Smith regarding payment of their mortgage debt. (Ex. K, p. 21)

**Response**: Deny. Mario Castro did not have "numerous" conversations with Kevin Smith. **(See, Defendant's collection notes chronicling the parties' communications, attached as Exhibit A to Plaintiff's Opposition)**

5. Some of these telephonic conversations were initiated by Green Tree and some were initiated by the plaintiffs. (Ex. K, p. 21)

**Response**: Admit that Green Tree called Plaintiff over 550 times; and that Plaintiffs called the Defendant back on occasion. **(See, Defendant's collection notes chronicling the parties' communications, attached as Exhibit A to Plaintiff's Opposition)**

6. The plaintiffs sometimes used their cell phones to initiate calls to Green Tree. (Ex. K, p. 25, Ex. L, p 12)

**Response:** Admit.

7. Mario Castro believes that Green Tree obtained the plaintiffs' cell phone numbers from caller ID when the plaintiffs initiated calls to Green Tree, (Ex. *K.* p. 25)

**Response:** Admit that Mario Castro now believes that that is possible**. (See Defendant's Ex. *K.* p. 25)**

8 Plaintiffs' cell phone records show only four (4) calls received by the plaintiffs from Green Tree. (Ex. N)

**Response**: Admit that the cell phone records that were introduced at the deposition of Verizon Wireless indicated four phone conversations between the parties, but deny that those phone records included all phone calls from Green Tree to Plaintiff's cell phone. **(See Exhibit B to Plaintiffs' Opposition, deposition of Verizon Wireless, page 18-19; and Exhibit M to Plaintiff's Opposition, 30b(6) deposition of Green Tree, pages 7-14)**

9. None of these four (4) calls received by the plaintiffs from Green Tree were made using an automatic dialing system, (Ex. N, Ex. O).

**Response**: Denied. Defendant used their automatic dialing system to call the Plaintiffs cell phone at least 34 times. **(See Exhibit M to Plaintiff's Opposition, 30b(6) deposition of Green Tree, page 7-14 and )**

10. Plaintiffs' cell phone records show that the plaintiffs initiated six (6) calls to Green Tree from their cell phones. (Ex, N).

**Response:** Admit that Plaintiffs have called Green Tree six (6) times.

11. The plaintiffs never went over their allotted cell phone minutes in the months in which Green Tree placed calls to their cell phones. (Ex. N)

**Response:** Admit.

12. The plaintiffs were never charged for any cell phone call received from Green Tree. (Ex. N).
**Response**: Deny. Plaintiff's paid in advance for every call they received. **(Plaintiff's Affidavit; See Exhibit A, to deposition of Verizon Wireless attached as Exhibit B to Plaintiffs' Opposition)**

13. One of the plaintiffs' cell phone numbers was mistakenly listed by Green Tree as a non-cell phone number. (Ex. M, pp, 20, 23-24).

**Response:** Denied. It was no mistake. As part of their orchestrated campaign of harassment, the Defendant debt collectors called the Plaintiffs approximately 550 times; called their neighbors; threatened to continue to call their neighbors; and threatened to foreclose on the Plaintiff's house.  The Defendant has been getting sued for years for their phone call harassment. This is part of their business plan.  **(See Exhibits A; I, J, K to Plaintiffs' Opposition)**

14. Once Green Tree discovered the error, the listing was changed. (Ex. M, pp. 20, 23-24).

**Response:** Denied. Green Tree purposefully did it as part of their harassment campaign. **(See Exhibits A; I, J, K to Plaintiffs' Opposition)**

15. Green Tree instructed its debt collectors not to call consumers' cell phone numbers without their consent, (Ex, J , pp. 35-86)

**Response:** Denied.  Green Tree's Collection Supervisor Tammy Beatty, Green Tree collectors Brenda Becker and Kevin Smith testified otherwise. **(See Deposition of Tammy Beatty, page 38, 48-49, attached as Exhibit G to Plaintiff's Opposition;  also see Deposition of Green Tree collector Brenda Becker, page 142, 191 attached as Exhibit H to Plaintiff's Opposition; also see Deposition of Green Tree collector Kevin Smith, page 33-34, attached as Exhibit D to Plaintiff's Opposition)**

16. Kevin Smith, a Green Tree debt collector, knew not to call a consumer's cell phone without his or her consent. (Ex. J , pp. B8-B9)
**Response:** Denied. **(See Deposition of Green Tree collector Kevin Smith, page 33-34 attached as Exhibit D to Plaintiff's Opposition.**

17 Kevin Smith would not have called the plaintiffs' cell phone numbers unless they had given him permission to do so. (Ex. J , p,144)

**Response:** Denied. **(See Deposition of Green Tree collector Kevin Smith, page 33-34, attached as Exhibit D to Plaintiff's Opposition.** Kevin Smith and Green Tree knowlingly violate the law to collect money. **(See Exhibits A; I, J, K to Plaintiffs' Opposition)**

18. During the discovery phase of this litigation, plaintiffs declined to furnish medical authorizations to allow defendants to obtain their medical records. (Ex, H, Ex. I).

**Response:** Admit.

19. Through counsel, plaintiffs represented to defendants that they were claiming "garden variety" emotional distress damages only (Ex. H, Ex, I).

**Response:** Admit

Dated: February 21, 2013

    West Islip, NY                              S/JOSEPH MAURO

                                                 Joseph Mauro, Esq.

                                                 306 McCall Ave.

                                                 West Islip, NY 11795